# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. SHATTUCK-KNAEBEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-212 CAS |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Charles D. Shattuck-Knaebel's motion for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will grant plaintiff's motion to file an amended complaint, and require plaintiff to file an amended complaint on a Court-provided form within thirty (30) days of the date of this order.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. Id.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. The certified inmate account statement shows an average monthly deposit of $7.50. The Court will therefore assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

**Discussion**

Plaintiff is currently an inmate at Potosi Correctional Center in Mineral Point, Missouri. On August 24, 2018, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. The complaint names Jason Lewis, Paula Reed, Bruce Hannebrink, Cliffton Cossey, Joshua Carter, and Unknown Samples as defendants. On September 27, 2018, plaintiff filed a motion for leave to file an amended complaint and a motion for leave to file a supplemental complaint. Plaintiff seeks to correct a previously unknown defendant's name, add new defendants, request more specific relief, and change his legal claims. Having reviewed plaintiff's motions and the memoranda in support, the Court will grant plaintiff's motion for leave to file an amended complaint and deny his motion to file a supplemental complaint. Furthermore, the Court will direct plaintiff to file his amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print the amended complaint. The amended complaint must be on the Court-provided form, which will be sent to plaintiff. See E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff must clearly

name each and every party he is intending to sue. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff must provide a short and plain statement of the factual allegations supporting his claim. See Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." See Neubauer v. FedEx Corp., 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. §1915. Plaintiff's failure to make specific factual allegations against each defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. See In re Wireless Tel. Fed. Cost Recovery Fees

Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Charles D. Shattuck-Knaebel's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff Charles D. Shattuck-Knaebel's motion to appoint counsel is **DENIED, without prejudice.** [Doc. 3]

**IT IS FURTHER ORDERED** that plaintiff Charles D. Shattuck-Knaebel's motion for leave to file an amended complaint is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a supplemental complaint is **DENIED**, as plaintiff is ordered to file an amended complaint. [Doc. 9]

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

/s/ Charles A. Shaw
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this  26th  day of November, 2018.